UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SANDRA ROBINSON and
SCOTT BRITTON,

    Plaintiffs,

v.

VANDYK MORTGAGE, et al.,

    Defendants.
_____/

Case No. 1:09-CV-361

HON. GORDON J. QUIST

## **OPINION**

Plaintiffs, Sandra Robinson and Scott Britton, through counsel, filed their Complaint in this case on April 17, 2009, against Defendants VanDyk Mortgage ("VanDyk"), Rivertrust Mortgage Inc., d/b/a United Financial, Litton Loan Servicing, GMAC Mortgage ("GMAC"), The Bank of New York Trust Company ("BNYTC"), The Bank of New York Mellon Trust Company ("BNYMTC"), and JP Morgan Chase Bank NA ("JP Morgan"). Plaintiffs allege federal claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and state law claims for violation of the Michigan Mortgage Brokers, Lenders, and Servicers Act, M.C.L.A. § 445.1651, *et seq.*; breach of fiduciary duty; civil conspiracy; innocent misrepresentation; fraud; wrongful foreclosure; slander of title; violation of the Michigan Consumer Protection Act, M.C.L.A. 445.901, et seq.; and intentional infliction of emotional distress.

GMAC, BNYTC, BNYMTC, and JP Morgan have moved for dismissal of all claims.[1] Plaintiffs failed to respond to the motion within the time required by Local Rule 7.2(c). For the reasons set forth below, the Court will dismiss Plaintiffs' TILA and RESPA claims as time-barred and dismiss the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## BACKGROUND

The following facts are taken from the allegations in the Complaint. Plaintiffs refinanced their home and closed the loan on April 7, 2006. VanDyk initially contacted Plaintiffs about the refinancing and told Plaintiffs that they would receive an FHA fixed rate conventional home loan. Plaintiffs later found out that they had received an adjustable rate loan instead of a fixed rate loan. VanDyk told Plaintiffs that they had a higher interest rate but could refinance their loan at a lower interest rate after making twelve consecutive monthly payments. Plaintiffs allege that they paid excessive closing fees and were financially injured by Defendants. Plaintiffs' home was foreclosed on September 19, 2008.

## MOTION STANDARD

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore,

---

[1] Plaintiffs have not served Defendant Rivertrust Mortgage Inc. d/b/a United Financial as of this date and, in fact, the summons issued on April 20, 2009, has expired. The Court dismissed Defendant Litton Loan Servicing and its Amended Counter-Claim against Plaintiffs on August 28, 2009, pursuant to stipulation of the parties.

*Moore's Federal Practice*, ¶ 12.34[1][b] (3d ed. 1997). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)).

## DISCUSSION

1. **Plaintiffs' TILA and RESPA Claims Are Time-Barred**

Counts I and II allege claims for violation of the TILA and RESPA. An action under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). Similarly, an action based upon a violation of section 8 or 9 of RESPA, 12 U.S.C. §§ 2607 and 2608, must be brought "within . . . 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009). Plaintiffs' TILA and RESPA claims are based on events that occurred in April 2006. Both claims are time-barred because Plaintiffs did not file their Complaint until April 17, 2009, well past the one-year limitations period. Therefore, these claims will be dismissed.

2. **The State Law Claims Will Be Dismissed Without Prejudice**

Having concluded that Plaintiffs' federal law claims should be dismissed, the Court must decide whether to exercise supplemental jurisdiction over their state law claims. "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcon. Leasing, Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)). In

deciding whether to exercise its supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (affirming district court's order granting summary judgment on federal claim and dismissing state law claims without prejudice). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson*, 89 F.3d at 1254-55 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988)).

Given the early stage of this litigation, as well as Michigan's interest in interpreting and applying its own laws regulating mortgage brokers and lenders, the Court concludes that this is an appropriate case to decline to exercise its supplemental jurisdiction.

## Conclusion

For the foregoing reasons, the Court will grant Defendants GMAC, BNYTC, BNYMTC, and JP Morgan's Motion to Dismiss in part and dismiss Counts I and II with prejudice as time-barred. Plaintiffs' remaining state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An Order consistent with this Opinion will be entered.


Dated: August 28, 2009         /s/ Gordon J. Quist  
                                                GORDON J. QUIST  
                                   UNITED STATES DISTRICT JUDGE